Alonzo J. Prey,
Acting J. The petitioner began a proceeding, by notice of motion, dated October 10, 1966 addressed to the respondent praying for an order directing the respondent to reinstate the petitioner to the position of building guard and for a further order directing payment of all back salary due and owing to the petitioner from June 14, 1966 the date of his discharge up to and including the date of reinstatement.
The respondent duly answered the allegations of the petition upon which said notice was based and the matter came on regularly for argument before Hon. Carlton A. Fisher in Special Term on the 18th day of November, 1966.
Justice Fisher on the 12th day of December, 1966 granted an order which directed that a hearing be held to ascertain the nature of the duties of a watchman or a laborer and the duties of a building guard which determination is necessary in order to ascertain whéther or not the petitioner is entitled to the relief which he seeks, and to make a determination thereon.
A hearing pursuant to the order of Justice Fisher came on regularly for a hearing before the undersigned on the 4th day of April, 1967 at which time the testimony of the plaintiff and *941 his supporting witnesses and the proof by the respondent were taken. It appears that the petitioner was appointed a watchman at the Roswell Park Memorial Institute on the 24th day of September, 1959 and continued in that capacity until the 14th day of June, 1966 when he was dismissed as a watchman by the Director of Personnel after having been notified that the position of watchman had been reclassified to that of building guard. As a result of such reclassification the salary was increased from a Gr-3 wage classification to G-5 carrying with it a maximum salary of $5,135 in the classification of building guard. The position of building guard was then placed in the competitive class of the State civil service and all watchmen were notified that an examination under the new classification would be held on the 5th day of June, 1965. The petitioner did not take the examination although according to the proof of the respondent he was offered every opportunity to do so and an attempt was even made to conduct for him, a special examination after the June 5 date, but he never took the examination and never qualified under the rules and regulations of the Civil Service Commission as a building guard.
The whole issue arises because of the reclassification and a change in the duties of a building guard of that of a watchman. The purpose of this hearing is to determine whether the petitioner ás a watchman and employed in the labor class a noncompetitive class of the civil service system and subject to dismissal is entitled to reinstatement without loss of salary.
The proof presented was in very close conflict on this question. The petitioner and others in his behalf attempted to establish that the duties were substantially the same. Mr. Keteham, the Director of Personnel at the institution, testified that the responsibility and duties of a building guard under the rules and regulations of that classification were expanded under the reclassification giving them greater responsibility in the general operation of the security force at the institution over that of a watchman whose duties were, according to Mr. Keteham, and involved some clerical work, crowd control, sometimes motor patrol of the premises as compared to the duties of a watchman which were generally to patrol the premises seeing that the building was secure, windows closed, doors locked and generally to guard the premises from trespassers.
' After a careful scrutiny of. the testimony taken on this case and an opportunity to personally observe the petitioner the court concludes that the respondent has satisfactorily sustained the burden of establishing that the petitioner was a watchman in the labor classification noncompetitive, and that the *942 classification of watchman was abolished under the direction of the civil service system and that his dismissal was specifically authorized by section 75 of the Civil Service Law.
The court finds that the duties of the watchman were to control the premises and to ascertain that the buildings were secure, the windows were closed, the doors were locked, and to prevent trespassing upon the premises.
That the duties of a building guard were expanded to include greater security provisions involving inspection to prevent fire and theft, in general to keep order in the buildings, to welcome and assist visitors, to control crowds which under certain circumstances might converge upon the premises and occasionally to do motor patrol, to keep records, make reports of incidents that might occur on the premises during a security shift.
The position of building guard, by reclassification, became competitive requiring written examinations and appointment pursuant to and from an approved civil service list.
I find, therefore, that the petitioner is not entitled to reinstatement and that the relief sought by his petition is denied and the petition is dismissed. Let order enter accordingly.